# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>   v.<br><br>SELENA PEREZ,<br><br>                  Defendant. | Case No. 15-cr-2874-BAS, 18-cv-1386-BAS<br><br>**ORDER DENYING MOTION TO VACATE PURSUANT TO 28 U.S.C. § 2255**<br><br>**[ECF No. 55]** |

## I. INTRODUCTION

On March 29, 2016, Ms. Selena Perez ("Petitioner") pled guilty to intentionally importing methamphetamine in violation of 21 U.S.C. §§ 952, 960. (ECF No. 29.)[1] The Court ultimately sentenced her to 100 months in custody. (ECF No. 42.) Petitioner appealed her sentence to the Ninth Circuit, but it was affirmed. (ECF No. 54.)

Petitioner now files this Motion to Vacate, requesting that her case be remanded for resentencing. (ECF No. 55.) Petitioner argues that her constitutional right to due process was violated. First, she claims she "was not afforded the reduction under Amendment 782 . . . a defendant can present evidence of post-

---

[1] The Court's ECF references are to Case No. 15-cr-2874-BAS.

conviction rehabilitation." (*Id.*, Ground One.)  Second, Petitioner claims she "was deprived of evidence stating the correct amount and purity of methamphetamine attributed to her." (*Id.*, Ground Two.)  The Government opposes.  (ECF No. 57.)

For the reasons stated below, the Court **DENIES** the Motion to Vacate.

## II. BACKGROUND

Petitioner pled guilty to importing methamphetamine.  (ECF No. 29.)  As part of her plea agreement, Petitioner agreed that the base offense level for the amount of methamphetamine she imported could be as high as 38 but could not "be determined until the DEA laboratory has performed a chemical analysis of the substance."  (Plea Agreement § X.A.1, ECF No. 31.)  The Presentence Report, drafted before the DEA laboratory report was finalized, recommended a base offense level of 36.  (ECF No. 34, pg. 21.)  The Probation Department calculated Petitioner's guideline range as 188-235 months and recommended 188 months in custody.  (*Id.*, pg. 19.)

The Government filed a Sentencing Summary Chart, informing the Court that the "DEA laboratory results reflect that the narcotics involved . . . w[ere] 17.54 kilograms of methamphetamine with a purity level of 98.1%."  (ECF No. 39.)  Thus, the Government recommended a base offense level of 38.  (*Id.*)  The Government calculated Petitioner's guideline range as 235-240 months, but recommended a sentence of 120 months.

Defense counsel filed a Sentencing Memorandum, urging the Court to ignore the Sentencing Guidelines calculations and recommending a sentence of 60 months, based on 18 U.S.C. § 3553(a) factors.  (ECF No. 41.)  Notably, defense counsel did not raise an issue with respect to the laboratory report and the Government's calculations of the base offense level.  (*Id.*)  Nor did defense counsel raise any issue of post-arrest rehabilitation, focusing instead on Petitioner's difficult childhood and her need for drug treatment.  (*Id.*)

The Court adopted the Government's base offense level of 38, but ultimately, the Court found a downward departure was warranted and sentenced Petitioner to 100 months in custody. (ECF No. 42.)

Petitioner appealed her sentence, but it was affirmed. (ECF No. 54.) Again, notably, no issue was raised on appeal that Petitioner's base offense level was incorrectly determined or that the Court failed to consider post-arrest rehabilitation.

### III. ANALYSIS

Under 28 U.S.C. § 2255(a), a prisoner in custody may move to vacate, set aside, or correct a sentence that she believes was imposed in violation of the Constitution or laws of the United States or is otherwise subject to collateral attack. However, claims that should have been raised on appeal, but were not, are procedurally defaulted. *See United States v. Bousley*, 523 U.S. 614, 621 (1998) ("Habeas review is an extraordinary remedy and will not be allowed to service for an appeal." (quotations omitted)). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice' . . . or that he is 'actually innocent.'" *Id.* at 622 (citations omitted). Furthermore, it is a petitioner's burden to set forth adequate facts to establish that she is entitled to relief, and a failure to do so is fatal. *See, e.g.*, *United States v. Rodrigues*, 347 F.3d 818, 824 (9th Cir. 2003) (noting that although § 2255 imposes a fairly lenient burden on a petitioner to get an evidentiary hearing, a petitioner is still "required to allege specific facts which, if true, would entitle [her] to relief").

Because Petitioner failed to raise on appeal any of the issues she now raises in this Motion to Vacate, the claims have been procedurally defaulted. Petitioner makes no attempt to show either cause or prejudice for her failure to raise the issues on appeal, nor do her claims rise to the level of actual innocence. Hence, on that ground alone, the Court could deny the Motion.

However, Petitioner also fails to allege any facts that would support her argument that she is entitled to habeas relief. First, she argues that her constitutional right to due process was violated when she was not given the benefit of Amendment 782. Presumably Petitioner is referring to Amendment 782, which was an amendment to the Sentencing Guidelines, effective long before Petitioner was sentenced. This Amendment reduced some of the offense levels for drug penalties. U.S.S.G. §2D1.11 (historical note). The amendment was effective and was used to calculate Petitioner's guideline range. Thus, to the extent Amendment 782 provided her any benefit, she received that benefit at the time of her sentencing. Petitioner argues that if she was entitled to resentencing, she could present evidence of post-conviction rehabilitation. However, the fact that she may have taken advantage of rehabilitative services offered in prison after her conviction does not rise to the level of a violation of the Constitution or the laws of the United States at the time of her sentencing. Petitioner simply alleges insufficient facts to support a motion under § 2255.

Next, Petitioner argues that she "was deprived of evidence stating the correct amount and purity of methamphetamine attributed to her." (ECF No. 55, Ground Two.) Again, Petitioner fails to allege any facts supporting this argument. The Government explained in its Sentencing Summary Chart that the DEA laboratory report calculated the narcotics imported by Petitioner as "17.54 kilograms of methamphetamine with a purity level of 98.1%." (ECF No. 39.) Petitioner's defense counsel, who had a copy of this DEA laboratory report, did not object to the Government's argument either at sentencing or on appeal. Hence, it is not clear what evidence of which Petitioner was allegedly deprived when the Court calculated her guideline range. She provides no facts that the amount and purity of methamphetamine attributed to her was incorrect.

//

//

## IV. CONCLUSION

Because Petitioner has procedurally defaulted her claims and because she fails to allege any factual evidence to support her claims, the Motion to Vacate her Sentence is **DENIED** (ECF No. 55).

Further, the Court **DENIES** Petitioner a certificate of appealability, as she has not made a substantial showing that she has been denied a constitutional right. *See* 28 U.S.C. § 2253(c)(2) (providing that a certificate shall issue "only if the applicant has made a substantial showing of a denial of a constitutional right").

**IT IS SO ORDERED.**

DATED: September 4, 2018

Hon. Cynthia Bashant
United States District Judge